**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Roman Favors**,<br><br>           Plaintiff,<br><br>vs.<br><br>**Zong Smoke and Vape LLC**, an Arizona limited liability company, **Edwin C. Bednar and Jane Doe Bednar**, a married couple, and **Husam Aoufe and Jane Doe Aoufe**, a Married Couple,<br><br>           Defendants. | No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Roman Favors ("Plaintiff" or "Roman Favors"), sues the Defendants, Zong Smoke and Vape LLC, Edwin C. Bednar and Jane Doe Bednar, and Husam Aoufe and Jane Doe Aoufe (collectively, all Defendants are referred to as "Defendants" or "Planet Zong") and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid minimum and overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201, et seq., and unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime rate of pay for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

3.      Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4.      Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

5.      Plaintiff brings this action against Defendants for their unlawful failure to pay all wages due and owing in violation of the AWA, A.R.S. § 23-350, et seq.

6.      This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages under the AMWA.

7.      The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

8.     The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

11.    At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

12.    At all material times, Defendant Zong Smoke and Vape LLC is a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Zong Smoke and Vape LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

13.     At all relevant times, Defendant Zong Smoke and Vape LLC owned and operated as "Planet Zong," a tobacco and smoke shot company doing business in Maricopa County, Arizona.

14.     Under the FLSA, Defendant Zong Smoke and Vape LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times Zong Smoke and Vape LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Fast Wireless' employees, Defendant Zong Smoke and Vape LLC is subject to liability under the FLSA.

15.     Defendants Edwin C. Bednar and Jane Doe Bednar are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Edwin C. Bednar and Jane Doe Bednar are owners of Planet Zong and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

16.     Under the FLSA, Defendants Edwin C. Bednar and Jane Doe Bednar are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Edwin C. Bednar and Jane Doe Bednar had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment,

-4-

1   determined the rate and method of payment, and maintained employment records in

2   connection with Plaintiff's employment with Defendants.  As persons who acted in the

3   interest of Defendants in relation to Planet Zong's employees, Defendants Edwin C.

4   Bednar and Jane Doe Bednar are subject to individual liability under the FLSA.

5

6          17.     Defendants Husam Aoufe and Jane Doe Aoufe are, upon information and

7   belief, husband and wife.  They have caused events to take place giving rise to the claims

8   in this Complaint as to which their marital community is fully liable.  Defendants Husam

9   Aoufe and Jane Doe Aoufe are owners of Planet Zong and were at all relevant times

10  Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

11

12         18.     Under the FLSA, Defendants Husam Aoufe and Jane Doe Aoufe are

13  employers.  The FLSA defines "employer" as any person who acts directly or indirectly

14  in the interest of an employer in relation to an employee.  At all relevant times,

15  Defendants Husam Aoufe and Jane Doe Aoufe had the authority to hire and fire

16  employees, supervised and controlled work schedules or the conditions of employment,

17  determined the rate and method of payment, and maintained employment records in

18  connection with Plaintiff's employment with Defendants.  As persons who acted in the

19  interest of Defendants in relation to Planet Zong's employees, Defendants Husam Aoufe

20  and Jane Doe Aoufe are subject to individual liability under the FLSA.

21

22         19.     Plaintiff is further informed, believes, and therefore alleges that each of the

23  Defendants herein gave consent to, ratified, and authorized the acts of all other

24  Defendants, as alleged herein.

25

26

27

20.     Defendants, and each of them, are sued in both their individual and corporate capacities.

21.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

22.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

23.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

24.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

25.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

26.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

27.     At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

28.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

29.     On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

30.     On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

31.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

32.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

33.     Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

34.     Defendants own and/or operate as Planet Zong, a tobacco and smoke shop company doing business in Maricopa County, Arizona.

35.     On or about December 10, 2023, Plaintiff began working for Defendants as a closing-shift crew member.

36.     At all relevant times, in his work for Defendants, Plaintiff was compensated, or supposed to be compensated, at an hourly rate of $19.

37.     Plaintiff, in his work for Defendants, was compensated at the same hourly rate, regardless of the number of hours he worked in a given workweek.

38.     Plaintiff, in his work for Defendants, was at the same hourly rate, regardless of the number of hours he worked in a given workweek, and regardless of whether he worked in excess of 40 hours in a given workweek.

39.     Rather than classify Plaintiff as an employee, Defendants classified him as an independent contractor.

40.     Despite Defendants having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

41.     Defendants controlled Plaintiff's schedules.

42.     At all relevant times, Plaintiff was economically dependent on Defendants.

43.     The following further demonstrate that Plaintiff was an employee:

    a.     Defendants had the exclusive right to hire and fire Plaintiff;

    b.     Defendants set Plaintiff's work schedule;

    c.     Defendants set Plaintiff's rate of pay;

    d.     Defendants supervised Plaintiff and subjected him to Defendants' rules;

    e.     Plaintiff had no opportunity for profit or loss in the business;

    f.     The services rendered by Plaintiff in his work for Defendants were integral to Defendants' business;

    g.     Plaintiff was hired to work a non-specific duration for Defendants, working approximately two months straight for Defendants;

    h.     Plaintiff had no right to refuse work assigned to him by Defendants;

44.     Plaintiff worked for Defendants through approximately January 5, 2024.

45.     During Plaintiff's employment with Defendants, Plaintiff generally worked approximately between 27 and 42 hours per workweek.

46.     Throughout Plaintiff's employment, he worked approximately four-workweeks in total, as follows:

       a.     During the workweek of December 10, 2023, Plaintiff worked approximately 30 hours.

       b.     During the workweek of December 17, 2023, Plaintiff worked approximately 33 hours.

       c.     During the workweek of December 24, 2023, Plaintiff worked approximately 42 hours.

       d.     During the workweek of December 31, 2023, Plaintiff worked approximately 27 hours.

47.     At all relevant times, Plaintiff was supposed to be paid on a semi-monthly basis–specifically, the fifth and 20th of every month.

48.     Defendants did not pay Plaintiff on December 20, 2023.

49.     Instead, Defendants did not pay Plaintiff for the first time until on or about January 5, 2024, when they deposited $1,372 into his Zelle account without any explanation or payroll summary or check stub.

50.     Accordingly, Defendants did not pay Plaintiff timely any wages whatsoever for at least the first week of his employment with them.

51.     Defendants did not pay Plaintiff on his next regular payday, which was supposed to be January 20, 2024.

52.     Instead, Defendants did not pay Plaintiff for the second time until on or about January 25, 2024, when they deposited $513 into his Zelle account without any explanation or payroll summary or check stub.

53.     Accordingly, Defendants did not pay Plaintiff timely any wages whatsoever for at least the final week of his employment with them.

54.     Accordingly, Defendants did not pay Plaintiff timely any wages whatsoever for at least the first and final week of his employment with them.

55.     Defendants' failure to timely compensate Plaintiff timely resulted in Plaintiff's regular rate of pay falling below the applicable state and federal minimum wage for such time worked, in violation of the FLSA.

56.     In addition, Plaintiff was not paid all wages due and owing to him for all time worked, in violation of the AWA, A.R.S., § 23-351.

57.     To date, Defendants still have not paid all wages due and owing to Plaintiff for such time worked.

58.     As a result of failing to pay Plaintiff any wages whatsoever for such time, Defendants failed to compensate Plaintiff at least the statutory minimum wage for such hours worked.

59.     As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked during at least his first and final workweeks, Defendants violated 29 U.S.C. § 206(a).

60.     As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked during at least his first and final workweeks, Defendants violated the AMWA, A.R.S. § 23-363.

61.     As a result of Defendants' failure to compensate Plaintiff all wages due and owing for hours worked, Defendants violated the AWA, A.R.S., § 23-351.

62.     Plaintiff often worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during his employment with Defendants.

63.     At all relevant times, Defendants did not pay Plaintiff one and one-half times his regular rate of pay for time spent working in excess of 40 hours in a given workweek.

64.     During the time that Plaintiff worked for Defendants, Plaintiff worked in excess of 40 hours in at least one workweek without receiving one and one-half times his regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

65.     Specifically, during the workweek of December 24, 2023, Plaintiff worked in excess of 40 hours without being compensated an overtime premium of one and one-half times his regular rate of pay.

66.     To date, Defendants still have paid none of the wages due and owing to Plaintiff for such hours worked.

67.     To date, Defendants still have paid none of the overtime wages due and owing to Plaintiff for such hours worked.

68.   At all relevant times, in his work for Defendants Plaintiff was a non-exempt employee.

69.   Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate Plaintiff for his overtime hours.

70.   Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

71.   Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

72.   Plaintiff is a covered employee within the meaning of the FLSA.

73.   Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

74.   Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

75.   Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

76.   Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages at an hourly rate, to be proven at trial,

1  in an amount that is treble the amount of the unpaid wages, plus interest thereon, and

2  costs incurred under A.R.S. § 23-355.

3  
4  **COUNT ONE: FAIR LABOR STANDARDS ACT**<br>**FAILURE TO PAY OVERTIME**

5         77.    Plaintiff realleges and incorporates by reference all allegations in all

6  preceding paragraphs.

7  
8         78.    Plaintiff was a non-exempt employee entitled to statutorily mandated

9  overtime wages.

10         79.    In at least one workweek of his employment, Defendants failed to pay one

11  and one-half times the applicable regular rate of pay for all hours Plaintiff worked in

12  
13  excess of 40 hours in a given workweek.

14         80.    As a result of Defendants' failure to pay Plaintiff one and one-half times

15  the regular rate for all hours worked in excess of 40 per week in a given workweek,

16  Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours

17  
18  worked for the duration of his employment, in violation of 29 U.S.C. § 207.

19         81.    As a result of Defendants' failure to compensate Plaintiff the applicable

20  overtime rate for all hours worked, Defendants violated the FLSA.

21         82.    As such, the full applicable overtime rate is owed for all hours that Plaintiff

22  
23  worked in excess of 40 hours per week.

24         83.    Defendants have and continue to violate the FLSA by not paying Plaintiff a

25  wage equal to one- and one-half times the applicable regular rate of pay for all time

26  Plaintiff spent working for Defendants.

27  

-13-

84.     Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Roman Favors, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by failing to pay proper overtime wages;

B.     For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT FAILURE TO PAY MINIMUM WAGE

85.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86.     As a result of failing to compensate Plaintiff any wages whatsoever for at least the first workweek and final workweek of his employment with Defendants, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

87.     As a result of Defendants' failure to pay Plaintiff any wage whatsoever for such time worked, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for such hours worked, in violation of 29 U.S.C. § 206.

88.     Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

89.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Roman Favors, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

90.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

91.    As a result of failing to compensate Plaintiff any wages whatsoever for at least the first workweek and final workweek of his employment with Defendants, Defendants failed or refused to pay Plaintiff the Arizona-mandated minimum wage.

92.    As a result of failing to compensate Plaintiff any wages whatsoever for such time, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for such hours worked, in violation of A.R.S. § 23-363.

93.    Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, A.R.S. § 23-363.

94.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Roman Favors, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.      For the Court to declare and find that the Defendants violated overtime

wage provisions of the AMWA, ARS § 23-363, by failing to pay proper

overtime wages;

B.      For the Court to award Plaintiff's unpaid minimum wage damages, to be

determined at trial;

C.      For the Court to award compensatory damages, including liquidated

damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.      For the Court to award prejudgment and post-judgment interest;

E.      For the Court to award Plaintiff reasonable attorneys' fees and costs of the

action pursuant to A.R.S. § 23-364 and all other causes of action set forth

herein;

F.      Such other relief as this Court shall deem just and proper.

**COUNT FOUR: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**
**DEFENDANT ZONG SMOKE AND VAPE LLC, ONLY**

95.    Plaintiff realleges and incorporates by reference all allegations in all

preceding paragraphs.

96.    As a result of the allegations contained herein, Defendant Zong Smoke and

Vape LLC, did not compensate Plaintiff wages due and owing to him.

97.    Defendant Zong Smoke and Vape LLC engaged in such conduct in direct

violation of A.R.S. § 23-350.

98.    Defendant Zong Smoke and Vape LLC acted unreasonably and in bad faith

in failing to pay Plaintiff the wages due and owing him.

99.    Defendant Zong Smoke and Vape LLC sought to delay payment without reasonable justification and to defraud Plaintiff of wages earned.

100.    As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time he was employed by Defendant Zong Smoke and Vape LLC.

101.    Plaintiff is therefore entitled to compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and costs incurred.

**WHEREFORE**, Plaintiff, Roman Favors, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant Zong Smoke and Vape LLC:

A.    For the Court to declare and find that the Defendant Zong Smoke and Vape LLC violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.    For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.    Such other relief as this Court deems just and proper.

102.

## <u>JURY TRIAL DEMAND</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

-18-

1    RESPECTFULLY SUBMITTED this 29th day of February, 2024.

2                                        BENDAU & BENDAU PLLC

3                                        By: /s/ *Clifford P. Bendau, II*
4                                        Clifford P. Bendau, II
                                         Christopher J. Bendau
5                                        *Attorneys for Plaintiff*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-19-

## VERIFICATION

1

2       Plaintiff, Roman Favors, declares under penalty of perjury that he has read the

3   foregoing Verified Complaint and is familiar with the contents thereof.  The matters

4   asserted therein are true and based on his personal knowledge, except as to those matters

5   stated upon information and belief, and, as to those matters, he believes them to be true.

6

7

8                                                   Roman Favors (Feb 29, 2024 15:10 MST)

9                                                   Roman Favors

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-20-